## J. W. ROSS *v.* L. F. & J. SANDERS.

**Landlord and Tenant—Tenant not Liable for Natural Decline in Value.**
 A tenant cannot be held liable for the natural decline of property, used by him in the cultivation of a farm, where the stock, impliments, etc., were to be furnished by the landlord.

**Same—Rents—Damages for Non-Performance of Contract.**
 Under a contract between landlord and tenant, to cultivate a farm and profits to be yearly .divided, the landlord is not entitled to charge for rents of the farm. If the tenant fails to perform his contract, the landlord is entitled to damages, but a reasonable rent of the land, would not be a criterion therefor.

**Limitations—Statute of.**
 In the settlement of mutual accounts between landlord and tenant, under a specific lease, the Statute of Limitations will not apply for either party.

**Landlord and Tenant—Tenant Entitled to Credit for Portions of Lands Sold by Landlord.**
 In a settlement of accounts between landlord and tenant, the tenant is entitled to credit for an allowance for whatever portion of the leased premises may have been sold and delivered to others by the landlord.

APPEAL FROM OWEN CIRCUIT COURT.

December 10, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

February 10, 1858, appellant leased from appellees their farm consisting of two contiguous tracts, the lease was for five years, the tenant was to manage and control and work the farm and the landlords were to furnish in addition to the farm, sufficient stock to carry it on, and the products and profits were to be yearly divided. The tenant took possession and the land-lords furnished horses, oxen, cattle and hogs and the tenant used a portion or all of the corn and hay &c then on the farm.

One of the tracts was disposed of by the land-lords at the end of two years and the tenant had to or did rent it yearly afterwards.

After the expiration of the lease this litigation began, the land-

lords charging the tenant with the stock, corn, hay, &c., and rents.

The tenant by answer and cross petition, denying his responsibility also going for corn, wheat, rye and other articles delivered to the land-lords and claiming he had returned some or all of the stock. In this state of the proceedings the case was referred to the master who reported in favor of the land-lords a balance of $887.75 cents and which the court confirmed and rendered judgment thereon, notwithstanding the exceptions taken thereto. The two horses are charged against Ross at $225, and though he returned them he is credited by only $150, thus making him responsible for the deterioration in value by age and use without showing any special reason therefor. As to the natural decline by age and use Ross is in no wise responsible; the landlords were to furnish these, and when returned the account therefor was fully cancelled.

No rents could be charged and all items in the landlords favor therefor were erroneous. If Ross did not perform his contract, the land-lords would be entitled to such damages as they may prove, but the reasonable rents of the place would not be the criterion; beside Ross is entitled to an allowance because a portion of the farm was sold and he lost its use, as he had to arrange with Gales for it.

No statute of limitations apply for either party in settling their mutual accounts, and all items for corn, wheat, rye &c. as established by Ross, should rebut so much of the account which the Sanders may establish against him.

For these errors the judgment must be reversed with directions to again refer the matter to a master to take proof, report it as well as a balance sheet to court and to adjust up the various items of each party on the principles herein indicated, not refusing either party proven items because of limitations only as to matters of balance, until the accounts are balanced, neither can bar the other as each item should be regarded *pro tanto* a judgment.

Judgment reversed.

*Lillard, for appellant.*

*Drane for appellee.*